[No. 22169. Department Two. April 7, 1930.]

*In the Matter of the Guardianship of* FRANCES DELLA WEBBER.

E. J. WEBBER, *Appellant,* v. DOROTHY GRIGSBY, *Respondent.*[1]

*W. H. Abel* and *Smith & Matthews,* for appellant.

MAIN, J.—This is an appeal from an order of the superior court refusing to vacate an order appointing a guardian. Frances Della Webber is a minor, fifteen years of age. Her mother died when she was three years old, and since that time she has lived with her grandmother, Mary Webber, in Thurston county, a few miles from the city of Olympia. E. J. Webber, the father of the minor, has for the past fifteen years resided in Grays Harbor county.

Dorothy Grigsby, an aunt of the minor and sister of her mother, resides in the city of Seattle. On or about

[1]Reported in 286 Pac. 668.

February 19, 1929, Mrs. Grigsby came to Olympia and, without the consent of the grandmother, took her niece to Seattle to reside with her. On the following day Mrs. Grigsby petitioned the superior court to appoint herself as guardian for her niece, and in due course she was so appointed. When Mr. Webber, the father of the minor, learned of this, he went to Seattle and made some inquiry at the juvenile department of the superior court as to the whereabouts of his daughter and what could be done with reference to his gaining the custody and control of her.

Soon after this he employed counsel, entered a special appearance in the guardianship proceeding mentioned, and moved the court to vacate the order appointing Mrs. Grigsby guardian on the ground of lack of jurisdiction. A show cause order was issued and served upon the guardian. Upon the return day thereof and when the cause was called to be heard, a colloquy took place between the court and counsel for the respective parties, during which this occurred:

"THE COURT: Mr. Webber himself came into the juvenile court, which is a branch of the superior court of the county, asking the court's assistance, stating that his daughter had left home and come to this county under the charge of Dorothy M. Grigsby, giving her address. In his asking for the assistance of the court, it would necessarily be for the welfare of the child. Now he has submitted to the jurisdiction of the court in doing this. Now our only interest in the point is if he can come before the juvenile court and have the aunt and girl brought here—I had forgotten, but that is what the record of the juvenile court, which I have had read to me over the phone, shows—on notice being sent to them. Isn't jurisdiction created by the father himself in this county? Dorothy Grigsby and the girl appeared. . . .

"THE COURT: But here is a case where the father came to the court and asked the court to make such orders as are necessary in the premises, a general

order, a request, and on his own initiative set the process of the court in motion and had Mrs. Grigsby and the girl brought into the juvenile court, as our record shows and without further notice. Now even suppose that wasn't the proper way to bring it, if the child now is in the jurisdiction of the court she cannot be dismissed by the juvenile court at this time because the father voluntarily had invoked the jurisdiction of the juvenile court. So the court will not be able at this time to say that the court has no jurisdiction.''

From this it appears that the trial judge had called the juvenile department of the court over the telephone and had had the records of that department read to him, and on the basis of the information thus gleaned held that Mr. Webber, by reason of what the records showed, had waived his right to object to the jurisdiction of the court in the guardianship proceeding. The best evidence of what the records of the juvenile department showed would be the records themselves when properly identified. Without the consent of the parties, a ruling based upon information gained by having the records read over the telephone could not be sustained. There is no evidence in the record from which we can determine whether what took place when Mr. Webber visited the juvenile department of the court would operate as a waiver of his right to object to the jurisdiction of the court in the guardianship proceeding.

The judgment will be reversed and the cause remanded.

MITCHELL, C. J., FRENCH, HOLCOMB, and FULLERTON, JJ., concur.